IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN CRANE PRODUCTION SOLUTIONS, INC., § § § | |
| Plaintiff, § § Civil Action No. 3:11-CV-3237-D | |
| VS. § § | |
| R2R AND D, LLC, et al., § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this trademark infringement action, defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court denies the motion.

I

Plaintiff John Crane Production Solutions, Inc. ("JCPS") is a manufacturing and services organization in the areas of oil and gas recovery. Part of JCPS's business includes manufacturing fiberglass sucker rods.

In 1996 defendant Russell P. Rutledge ("Rutledge") formed and served as Chairman and CEO of Fiber Composite Company, Inc. ("FCC") d/b/a Fibercom and d/b/a Fiberod to manufacture and sell fiberglass sucker rods. In 2002 FCC created the brand name FIBEROD for its fiberglass sucker rods, and began marketing the sucker rods under that name. In 2008 JCPS, through its predecessors-in-interest, entered into an asset purchase agreement with Rutledge to acquire all assets, property, and rights of FCC, including the company's interest

in the FIBEROD name and trademark.[1]  In 2011 Rutledge created two new companies—defendants R2R and D, LLC ("R2R") and Finalrod, Inc. ("Finalrod")—to manufacture and sell a new type of fiberglass sucker rod.  Defendants have applied for trademarks in "FINALROD" and the phrase "The FinalRod You Will Ever Need."

JCPS asserts claims for trademark infringement under 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), and Texas common law, alleging that defendants' junior mark "FINALROD" is confusingly similar to JCPS's senior mark "FIBEROD."  Defendants move under Rule 12(b)(6) to dismiss JCPS's trademark infringement claims for failure to state a claim on which relief can be granted, and move to dismiss Rutledge from the suit, arguing that the allegations do not demonstrate that he can be held individually responsible for the alleged infringing activity of R2R or Finalrod.

II

In deciding this motion, the court evaluates the sufficiency of JCPS's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  To survive defendants' motion to dismiss, JCPS must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1]The FIBEROD name and logo were registered with the U.S. Patent and Trademark Office in 2005 and 2007, respectively.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise the right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

### III

The court first addresses whether JCPS has adequately pleaded its trademark infringement claims.[2]

### A

"To succeed on a trademark infringement claim, a plaintiff first must show ownership of a legally protectable mark, and then it must establish infringement of the mark." *TGI Friday's, Inc. v. Great Nw. Rest., Inc.*, 652 F.Supp.2d 763, 767 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008)).[3]

---

[2]JCPS brings trademark infringement claims under 15 U.S.C. §§ 1114(1) and 1125(a)(1). The same test for trademark infringement applies to both. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.8 (5th Cir. 2010).

[3]The test for trademark infringement is the same under federal law and Texas common law. *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998); *Horseshoe*

"Under the Lanham Act, infringement exists if a person uses (1) any reproduction, counterfeit, copy, or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution, or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Id.* (internal quotation marks and citations omitted).

A finding of "likelihood of confusion" requires "a probability of confusion" rather than a mere possibility. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). The following factors are used to determine the likelihood of confusion: (1) the strength of the plaintiff's trademark, (2) mark similarity, (3) product similarity, (4) outlet and purchaser identity, (5) advertising media similarity, (6) defendant's intent, (7) actual confusion, and (8) care exercised by potential purchasers. *Am. Rice*, 518 F.3d at 329. "The digits are a flexible and nonexhaustive list. They do not apply mechanically to every case and can serve only as guides, not as an exact calculus." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 311 (5th Cir. 2008) (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004)).

B

Defendants argue that JCPS's claims must be dismissed because the facts in the complaint, taken as true, do not demonstrate that defendants' use of FINALROD is likely to

---

*Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App. 2001, pet. denied).

cause confusion with JCPS's trademark FIBEROD.[4] According to defendants, the court must analyze the eight digits of confusion, and if JCPS did not allege facts relevant to a given digit, the court should weigh that digit in defendants' favor since JCPS bears the burden of proving a likelihood of confusion. After analyzing the digits on this basis, defendants argue that only three of the digits favor a finding of a likelihood of confusion, and that the complaint therefore fails to allege a likelihood of confusion.

JCPS argues that defendants are conflating the requirements for pleading a trademark infringement claim and proving such a claim; that, to plead a claim for trademark infringement, it must only put defendants on notice of what the claim is and the grounds on which it rests, and that the complaint meets this requirement; that it has sufficiently alleged a likelihood of confusion with respect to all eight digits of confusion; and that the three digits defendants admit favor a finding of likelihood of confusion—strength of the mark, similarity of the products sold, and defendants' intent—are three of the most important digits in the analysis.

C

JCPS has adequately pleaded its trademark infringement claims because its allegations, taken as true, demonstrate that it is the owner of the FIBEROD mark and that it is plausible that defendants' marks creates a likelihood of confusion. JCPS's complaint details defendants' use of the FINALROD mark and the alleged similarities between it and

---

[4]Defendants do not contest whether JCPS has adequately alleged the other elements of a trademark infringement claim.

FIBEROD.  JCPS alleges that defendants have filed a trademark application with the U.S. Patent and Trademark Office ("PTO") for FINALROD to sell the same product as JCPS: fiberglass sucker rods.  Moreover, JCPS asserts that defendants have taken the necessary steps to launch a business that will directly compete with JCPS by manufacturing and selling fiberglass sucker rods under the name FINALROD.  JCPS avers that the visual and aural similarities between FIBEROD and FINALROD are confusingly similar, and that defendants' signs bearing the mark FINALROD use the same stylized "F" on JCPS's FIBEROD logo.  JCPS alleges that defendants chose the confusingly similar mark FINALROD with full knowledge of FIBEROD's existence and in bad faith, with the intent to take advantage of JCPS's good will and reputation in the marketplace.  These allegations are sufficient to put defendants on notice of what the claim is and the grounds on which it rests.  *See, e.g., Young v. Vannerson*, 612 F.Supp.2d 829, 847 (S.D. Tex. 2009) (denying motion to dismiss trademark infringement claim without analyzing and weighing each digit because, *inter alia*, plaintiff alleged that defendant had made extensive preparations to use confusingly similar mark on products similar to those sold by plaintiffs).

Although the court assesses the digits of confusion when deciding whether JCPS has adequately alleged a likelihood of confusion, when deciding a Rule 12(b)(6) motion, the court determines whether the facts alleged, taken as true, show that JCPS'c claim of a likelihood of confusion is plausible.  *See Twombly*, 550 U.S. at 570.  Defendants rely on cases that stand for the proposition that one digit's weighing against a finding of likelihood of confusion is sufficient to find that there is no likelihood of confusion.  *See, e.g.,*

*Champagne Louis Roederer, S.A. v. Delicato Vineyards*, 148 F.3d 1373, 1375 (Fed. Cir. 1998) (per curiam) (holding that one factor can be dispositive). In these cases, however, the courts were not addressing Rule 12(b)(6) motions. The courts were therefore able to find—based on the facts of the case rather than on the allegations of the complaint—that one digit was determinative.[5]

The court recognizes that it could conclude at the Rule 12(b)(6) stage that the complaint as framed demonstrates that the marks are so dissimilar that, regardless of the other digits, it is implausible that there is a likelihood of confusion. But this is not such a case. When the allegations of JCPS's complaint are taken as true and are considered in light of the eight digits, they plausibly show that there is a likelihood of confusion.

The court therefore denies defendants' motion to dismiss JCPS's trademark infringement claims.

---

[5]This distinction also explains why the court's preliminary injunction ruling is not inconsistent with this decision. The court denied JCPS's preliminary injunction application based on the finding that JCPS had not carried its burden of demonstrating a substantial likelihood that it would prevail on the merits of its trademark infringement claim. *John Crane Prod. Solutions, Inc. v. R2R and D, LLC*, 2012 WL 951723, at *8 (N.D. Tex. Mar. 21, 2012) (Fitzwater, C.J.). But in doing so, the court weighed the evidence in the preliminary injunction record; the court was not, as here, confined to the allegations of JCPS's complaint, or required to accept the allegations as true and to view them in the light most favorable to JCPS.

IV

The court turns next to whether the complaint is sufficient to state a trademark infringement claim against Rutledge individually.

A

"A corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation. This is true in trademark infringement and unfair trade practices cases." *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987); *see also Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004) (holding that corporate shareholder is jointly liable for trademark infringement if he personally involved in committing the tort); *Burberry Ltd. v. Euro Moda, Inc.*, 2009 WL 1675080, at *18 (S.D.N.Y. June 10, 2009) (holding individual liable for trademark infringement committed by corporations based on evidence that he was owner, contact person, and only person at corporation identified as having knowledge of the subject matter of the lawsuit). Such an individual can be liable regardless of whether the corporate veil is pieced. *See Babbit Elecs., Inc. v. Dynascan Corp.,* 38 F.3d 1161, 1184 (11th Cir. 1994) ("[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil.").

B

The parties dispute whether the complaint is sufficient to state a claim against Rutledge individually for the alleged trademark infringement committed by the defendant

corporations. Because the court has held *supra* at § III(C) that JCPS has stated a plausible trademark infringement claim against the defendant corporations, the court need only determine whether JCPS has adequately alleged that Rutledge participated in the infringement.

JCPS alleges that Rutledge is the sole principal of R2R and Finalrod.[6] Moreover, JCPS alleges that, in his role as CEO of R2R, Rutledge signed the application submitted to the PTO to register the FINALROD trademark. The court holds that, taken as true, these allegations plausibly show that Rutledge was involved in the alleged infringement, and are therefore sufficient to support holding him individually liable. The court therefore denies defendants' motion to dismiss Rutledge from the suit.

* * *

For the reasons explained, the court denies defendants' January 9, 2012 motion to dismiss.

**SO ORDERED.**

May 4, 2012.

                                                      SIDNEY A. FITZWATER
                                                     CHIEF JUDGE

---

[6]Defendants dispute that Rutledge is the sole principal by citing the certificate of interested persons filed with the court. Because the court must take the allegations of the complaint as true, it rejects this basis for contesting Rutledge's individual liability.