IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CRANE PRODUCTION SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. 3:11-CV-3237-D |
| VS. | § § | |
| R2R AND D, LLC, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff John Crane Production Solutions, Inc. ("JCPS") moves to disqualify Matthews, Lawson & Johnson, PLLC (the "Matthews Firm"), who are counsel for defendants R2R & D, LLC ("R2R"), Finalrod, Inc. ("Finalrod"), and Russell P. Rutledge ("Rutledge"). For the reasons that follow, the court directs the parties to submit additional evidence and briefing.[1]

JCPS moves to dismiss the Matthews Firm primarily on the basis that it cannot represent defendants in an action against JCPS because it previously represented JCPS in a substantially related matter. "A party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: 1) an actual attorney-client

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

relationship between the moving party and the attorney he seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations." *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1569 (5th Cir. 1989)). As the party seeking disqualification, JCPS bears the burden of proof. *Id.* ("[T]he party seeking disqualification bears the burden of pro[of].").[2]

To prove the required substantial relationship, JCPS relies on actions taken by the Matthews Firm as counsel for Fiberod, Inc. ("Fiberod") before JCPS entered into an asset purchase agreement with Fiberod. The parties dispute whether the attorney-client privilege between Fiberod and the Matthews Firm transferred to JCPS as a result of the asset purchase agreement.

In *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343 (1985), the Supreme Court stated that "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Id.* at 349. "New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession" control the attorney-client privilege previously controlled by old management. *Id.* Most courts interpreting *Weintraub* agree "that assignees

---

[2]The Fifth Circuit is "sensitive to preventing conflicts of interest." *In re ProEduc. Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009). District courts are therefore "*obliged* to take measures against unethical conduct occurring in connection with any proceeding before it." *In re Am. Airlines*, 972 F.2d at 611 (emphasis in original) (citing *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976)).

or transferees of most, if not all, of a corporation's assets will have the authority to assert or waive the attorney-client privilege," but "[a] transfer of assets, without more, is not sufficient to effect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass." *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 406 (N.D. Ill. 2007) (citations omitted) (collecting cases). Some courts have concluded a bright-line rule cannot capture "the myriad ways control of a corporation or a portion of corporation can change hands," so when determining whether the attorney-client privilege transfers courts should examine whether "the practical consequences of the transaction result in the transfer of control of the business and the continuation of the business under new management," and if they do, "the attorney-client privilege will follow as well." *Soverain Software LLC v. Gap, Inc.*, 340 F.Supp.2d 760, 763 (E.D. Tex. 2004); *see also Parus Holdings, Inc. v. Banner & Witcoff, Ltd.*, 585 F.Supp.2d 995, 1002 (N.D. Ill. 2008) (holding that the rule from *Soverain* is "the better reasoned rule, and the one that appears to be followed by the majority of recent cases"); *NWI-I*, 240 F.R.D. at 407 ("[B]ecause the practical consequences of the Asset Purchase Agreement resulted in the transfer of control of Old FTL's business and the continuation of that business under new management, the authority to assert or waive the attorney-client privilege transferred to New FTL.").

In determining whether the "practical consequences" of a given transaction result in the "transfer of control," courts consider such factors as the extent of the assets acquired, including whether stock was sold, whether the purchasing entity continues to sell the same product or service, whether the old customers and employees are retained, and whether the

same patents and trademarks are used.³ *See, e.g., Soverain Software*, 340 F.Supp.2d at 763-64; *M-I, LLC v. Stelly*, 2010 WL 2196281, at *4-5 (S.D. Tex. May 26, 2010). Although both parties characterize the transfer of assets from Fiberod to JCPS differently—JCPS as the continuation of business under new management and defendants as a mere asset purchase⁴—neither party provides sufficient evidence⁵ to enable the court to assess the "practical consequences of the transaction" and therefore determine whether JCPS has established that the attorney-client privilege between Fiberod and the Matthews Firm passed to JCPS.

Accordingly, no later than June 12, 2012, JCPS (the party with the burden of proof) must submit a supplemental brief and evidentiary appendix.⁶ Within 21 days of the date these pleadings are filed, defendants may file an opposition supplemental brief and evidentiary appendix. Within 14 days of the date these pleadings are filed, JCPS may file

---

³This list is not exhaustive, and any evidence demonstrating the practical consequences of the transaction could be probative of whether the attorney-client privilege passed to the purchasing entity.

⁴Defendants argue that Texas law has eliminated the continuation theory of liability, thus foreclosing the court from finding that the attorney-client relationship between Fiberod and the Matthews Firm passed to JCPS as part of the asset purchase agreement. Because motions to disqualify are governed by federal law, *see, e.g., FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995) ("Motions to disqualify are substantive motions[,] [t]herefore, they are decided under federal law."), this argument lacks force.

⁵Although the parties describe the practical consequences of the relevant transaction in their briefs, they neither cite to nor include documentary or testimonial evidence attached to their briefs to support their assertions.

⁶By agreement, or for cause, the court will approve reasonable extensions to the deadlines imposed for submitting supplemental briefing and evidence.

a supplemental reply brief (but not evidence appendix) in support of its motion to disqualify.

**SO ORDERED.**

May 15, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE